UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DAVID A. GELINAS,

        Petitioner,        Case No. 14-cv-10888

v        Honorable Thomas L. Ludington

J. A. TERRIS,

        Respondent.
_____/

**OPINION AND ORDER DISMISSING PETITION FOR HABEAS CORPUS, DENYING A CERTIFICATE OF APPEALABILITY, AND DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

    Petitioner David A. Gelinas is a federal inmate incarcerated at the Federal Correctional Institution in Milan, Michigan. On February 26, 2014, he filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, contending that his sentence should be vacated because it was improperly enhanced by facts not submitted to a jury. For the reasons that follow, the petition will be dismissed.

**I**

    A jury convicted Petitioner of conspiracy to distribute methamphetamine and conspiracy to commit money laundering. On June 26, 2001, the United States District Court for the Northern District of Iowa sentenced Petitioner to 240 months in prison to be followed by 5 years of supervised release.

    On October 16, 2003, Petitioner filed a 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence. The district court denied the motion. *Gelinas v. United States*, No. 99-01005 (N.D. Iowa April 27, 2005). Petitioner then filed a request for a certificate of appealability,

which the Eighth Circuit Court of Appeals denied. *Gelinas v. United States*, No. 05-2769 (8th Cir. Dec. 21, 2005).

Petitioner has now filed the pending § 2241 petition, raising a claim that his sentence was improperly enhanced by findings of fact made by the sentencing judge and not submitted to the jury.

## II

A court must promptly examine a petition to determine "if it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4, Rules Governing Section 2254 cases.[1] If the court determines that the petitioner is not entitled to relief, the court shall summarily dismiss the petition. *McFarland v. Scott*, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face.")

Section 2241 provides a remedy for federal prisoners in two circumstances: (1) to challenge the execution of a sentence, or (2) to test the legality of a detention when § 2255 is otherwise inadequate. 28 U.S.C. § 2241; *United States v. Peterman*, 249 F.3d 458, 460 (6th Cir. 2001). Petitioner is unable to set forth a colorable claim under either prong. After undertaking a Rule 4 review of the petition, the Court concludes that Petitioner is not entitled to relief under § 2241.

## A

First, 28 U.S.C. § 2241 is unavailing to Petitioner because he is not challenging the execution of his sentence. Instead, he is seeking to challenge the imposition of the sentence—he

---

[1] The Rules Governing Section 2254 Cases may be applied at the discretion of the district court judge to petitions not filed under § 2254, such as a § 2241 petition. *See* Rule 1(b), Rules Governing Section 2254 Cases.

contends that the district court improperly imposed his sentence after considering facts not submitted to a jury.

"[C]laims asserted by federal prisoners that seek to challenge their convictions or imposition of their sentence shall be filed in the sentencing court under 28 U.S.C. § 2255 . . . ." *Charles v. Chandler*, 180 F.3d 755, 756-57 (6th Cir. 1999). In contrast, "claims seeking to challenge the execution or manner in which the sentence is served shall be filed in the court having jurisdiction over the prisoner's custodian under 28 U.S.C. § 2241." *Id*. Because Petitioner is challenging the imposition of his sentence, § 2255 is the correct vehicle for his motion, not § 2241.

**B**

Second, Petitioner has not shown that a § 2255 motion would be "inadequate"—a term of art. Section 2255's "savings clause" permits a petitioner to file a habeas corpus petition challenging his conviction pursuant to § 2241 rather than § 2255 in limited circumstances:

> An application for a writ of habeas corpus on behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255 (emphasis added). The petitioner has the burden of showing that a § 2255 remedy is inadequate.

Petitioner contends that § 2255 relief is inadequate because the Supreme Court case upon which he bases his argument, *Alleyne v. United States*, 133 S. Ct. 2151 (2013), had not been decided at the time he filed his direct appeal or his previous § 2255.[2] In *Apprendi v. New Jersey*,

---

[2] Because Petitioner has already filed a previous § 2255 motion, he must seek permission from the Sixth Circuit Court of Appeals before filing another § 2255 motion. 28 U.S.C. 2244(3)(A) ("Before a second or successive

530 U.S. 466 (2000), the Supreme Court held that a fact must be submitted to a jury and found beyond a reasonable doubt if it increases a defendant's statutory mandatory maximum sentence. In *Alleyne*, the Court held that the same rule applies to "facts that increase mandatory *minimum* sentences." *Alleyne*, 133 S. Ct. at 2163 (emphasis added).

The circumstances under which § 2255 might be deemed inadequate are narrow, because an expansive definition would defeat § 2244's restrictions on successive motions. *United States v. Peterman*, 249 F.3d 458, 491 (6th Cir. 2001). "[T]he § 2255 remedy is not considered inadequate or ineffective simply because § 2255 relief has already been denied . . . or because the petitioner has been denied permission to file a second or successive motion to vacate." *Id*. (quoting *Charles*, 180 F.3d at 756).

More specifically, the Sixth Circuit has held that § 2255's savings clause "may only be applied when the petitioner makes a claim of actual innocence." *Bannerman v. Snyder*, 325 F.3d 722, 724 (6th Cir. 2003). To establish actual innocence, the petitioner "must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Bousley v. United States*, 523 U.S. 614, 623 (1998). Claims of sentencing errors do not serve as the basis for an actual innocence claim. *See id*. (holding *Apprendi* could not be the basis for actual innocence claim).

Because Petitioner claims the district court made a sentencing error, he has not asserted a claim for actual innocence. Therefore, Petitioner has not shown that a § 2255 motion would be inadequate to assert his claim. Section § 2255's savings clause is not applicable, and Petitioner cannot maintain his claims in a § 2241 petition. *Accord Alsop v. Chandler*, 2014 WL 68913, at *1 (5th Cir. Jan. 9, 2014) (federal inmate's claim that his sentence was improperly enhanced by

---

application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.").

an element not submitted to the jury in violation of *Alleyne* not properly filed under § 2241); *Jackman v. Shartle*, 535 F. App'x 87, 89 (3d Cir. Aug. 20, 2013) (motion to vacate sentence under § 2255, rather than petition under § 2241, is the proper remedy for claim under *Alleyne*); *Porter v. Wilson*, 2014 WL 356731, at *2 (E.D. Va. Jan. 31, 2014) (holding that the decision in *Alleyne* fails to provide a basis for filing a § 2241 petition).

### III

Before Petitioner may appeal the Court's decision, a certificate of appealability must issue. 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court denies relief on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the court's assessment of the constitutional claim debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000); *see also Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). When a court denies relief on procedural grounds without addressing the merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Slack*, 529 U.S. at 484-85.

Having conducted the requisite review, the Court concludes that jurists of reason would not find the dismissal of this habeas action on jurisdictional grounds debatable. Furthermore, the Court will deny leave to proceed in forma pauperis on appeal because any appeal would be frivolous and cannot be taken in good faith. *See* Fed. R. App. P. 24(a).

**IV**

The Court concludes that it plainly appears from the face of the petition that Petitioner is not entitled to habeas corpus relief pursuant to 28 U.S.C. § 2241.

Accordingly, it is **ORDERED** that Petitioner's petition for a writ of habeas corpus (ECF No. 1) is **DISMISSED WITH PREJUDICE**.

s/Thomas L. Ludington<br>
THOMAS L. LUDINGTON<br>
United States District Judge

Dated: March 7, 2014

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail and on David Gelinas #08079-029, Milan, Federal Corrrectional Institution, Inmate Mail/Parcels, P.O. Box 1000, Milan, MI 48160 by first class U.S. mail on March 7, 2014.

s/Tracy A. Jacobs
TRACY A. JACOBS